WAYNE A. SILVER, Esq. (108135)
333 West El Camino Real, Suite 310
Sunnyvale, California 94087
Tel. (408) 720-7007
Fax. (408) 720-7001
email: (w_silver@sbcglobal.net)

Attorney for Debtor-in-possession,
JEFFREY KNAPP WINN

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# (SANTA ROSA DIVISION)

| | |
|---|---|
| In re: | Case No.: 10-13868-AJ |
| | Chapter 11 |
| JEFFREY KNAPP WINN, | |
| Debtor-in-possession. | |

# DEBTOR'S CHAPTER 11 PLAN

# (October 13, 2011)

Case: 10-13868   Doc# 108   Filed: 10/13/11   Entered: 10/13/11 15:55:57   Page 1 of 28

# TABLE OF CONTENTS

ARTICLE I.        DEFINITIONS ............................................................................ 1

ARTICLE II.       UNCLASSIFIED CLAIMS ........................................................ 5

ARTICLE III.     DESIGNATION OF CLASSES OF CLAIMS AND INTERESTS ............ 7

ARTICLE IV.     TREATMENT OF CLASSIFIED CLAIMS AND INTERESTS ................. 8

    A.    Secured Claims (Classes 1 – 14) ................................................ 8
    B.    Unsecured Claims (Classes 15 - 16) ........................................ 10
    C.    Interests (Class 17) ................................................................ 11

ARTICLE V.      IMPLEMENTATION OF THE PLAN ...................................... 11

ARTICLE VI.     PROCEDURES FOR RESOLVING CONTESTED CLAIMS ................ 14

    6.1    Recognition of Claims ......................................................... 14
    6.2    Contesting Claims ................................................................ 15
    6.3    Amendments to Claims ........................................................ 15
    6.4    Disputed Claims Reserve Account ....................................... 15
    6.5    Distributions to Disputed/Contingent/Unliquidated Claims ....... 15

ARTICLE VII.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES ............... 16

    7.1    Treatment of Executory Contracts and Unexpired Leases ............ 16
    7.2    Effect of Assumption of Executory Contracts and Unexpired
        Leases .................................................................................. 16
    7.3    Assumption of Executory Contracts and Unexpired Leases ......... 16
    7.4    Rejection of Executory Contracts and Leases ....................... 16
    7.5    Defaults ................................................................................ 16
    7.6    Contract Rejection Claims and Bar Date ............................. 17

ARTICLE VIII.   TRANSFER AND PRESERVATION OF DEBTOR RIGHTS ............ 17

ARTICLE IX.    RETENTION OF JURISDICTION ......................................... 18

ARTICLE X.     EFFECT OF ORDER OF CONFIRMATION ............................. 19

    10.1   Binding Effect of Plan ......................................................... 19
    10.2   Revesting of Property of the Estate ...................................... 20

ARTICLE XI.    DISCHARGE AND INJUNCTION ......................................... 20

ARTICLE XII.   DEFAULT ........................................................................... 21

ARTICLE XIII.   MISCELLANEOUS ............................................................. 21

    13.1   No Waiver ............................................................................ 21
    13.2   Plan Interpretation .............................................................. 22
    13.3   Modification ........................................................................ 22
    13.4   Setoff Rights Preserved ...................................................... 22
    13.5   Notices ................................................................................ 22
    13.6   Withdrawal/Amendment of Plan .......................................... 23
    13.7   Successors and Assigns ....................................................... 23

Case: 10-13868   Doc# 108   Filed: 10/13/11   Entered: 10/13/11 15:55:57   Page 2 of
28

13.8     Saturday, Sunday and Legal Holiday.........................................................23
13.9     Reservation of Rights................................................................................23
13.10   Governing Law .........................................................................................23
13.11   Headings ...................................................................................................24
13.12   Severability ..............................................................................................24
13.13   Post-Confirmation Status Report ............................................................24
13.14   Quarterly United States Trustee Fees ....................................................24
13.15    Final Decree .............................................................................................24
13.16   Plan Conclusion .......................................................................................24
13.17   Further Orders..........................................................................................24
13.18    Reservation of Rights Under Section 1129(b) .......................................25

Case: 10-13868    Doc# 108    Filed: 10/13/11    Entered: 10/13/11 15:55:57    Page 3 of 28

**JEFFREY KNAPP WINN**, Debtor-in-Possession in the above-captioned Chapter 11 bankruptcy case ("Debtor"), proposes the following Chapter 11 Plan of Reorganization ("Plan") pursuant to the provisions of Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §101 et seq. ("Code").

## ARTICLE I. DEFINITIONS

1.0    The following capitalized terms shall have the following meanings when used in the Plan and Disclosure Statement, which meanings shall be equally applicable to both the singular and plural forms of such terms. Any term in the Plan that is not defined herein that is used in the Bankruptcy Code or the Bankruptcy Rules shall have the meaning assigned to such term in the Bankruptcy Code or the Bankruptcy Rules.

1.1    *Administrative Claim(s)* – a Claim for any cost or expense of administration of a kind specified in Code §503(b), including any actual and necessary costs and expenses of preserving the Bankruptcy Estate incurred on or after the Petition Date and through and including the Confirmation Date, any cure amounts that must be paid in connection with the assumption of any executory contract or unexpired lease of the Debtor under Code §365, fees due to the United States Trustee pursuant to 28 U.S.C. §1930(a)(6), and compensation for legal or other services and reimbursement of expenses allowed by the Bankruptcy Court under Code §§330 and 331 or otherwise.

1.2    *Administrative Claims Bar Date* – thirty (30) days after the Effective Date.

1.3    *Allowed Administrative Claim* – an Allowed Claim determined to be entitled to priority pursuant to §§503 and 507(a)(2) of the Bankruptcy Code.

1.4    *Allowed Claim* – a Claim against the Debtor that (i) is allowed by a Final Order, (ii) is scheduled as liquidated, undisputed and non-contingent by the Debtor in his Schedules of Assets and Liabilities filed with the Bankruptcy Court, as they may be amended or supplemented (collectively, the "Bankruptcy Schedules") or (iii) is timely filed with the Clerk of the Bankruptcy Court and no objection has been made to the allowance thereof within a time fixed by the Bankruptcy Court and the Claim is not otherwise a Disputed Claim.

1.5    *Allowed Priority Tax Claim* – an unsecured Allowed Claim for which a Claimant asserts and is determined to be entitled to priority under §507(a)(8) of the Bankruptcy Code.

1.6    *Allowed Secured Claim* – an Allowed Claim for which a Claimant asserts, or upon objection is determined by a Final Order to hold, a valid, perfected and enforceable lien, security interest or other interest or other interest or encumbrance in property in which the Debtor has an interest not subject to avoidance or subordination under the Bankruptcy Code or applicable non-bankruptcy

Case: 10-13868   Doc# 108   Filed: 10/13/11   Entered: 10/13/11 15:55:57   Page 4 of 28

law, or an Allowed Claim for which a Claimant asserts a setoff under §553 of the Bankruptcy Code, but in any event only to the extent of the value, determined in accordance with §506(a) of the Bankruptcy Code, of the Claimant's interest in the Debtor's interest in the property, or to the extent of the amount subject to such setoff, as the case may be.

1.7     *Allowed Unsecured Claim* – an Allowed Claim which arose or which is deemed to have arisen prior to the filing of the Petition commencing these Proceedings and as to which the Claimant has not asserted, or as to whom it is determined by Final Order does not hold, a valid, perfected and enforceable lien, security interest or other interest in or encumbrance against property of the Debtor or a right of setoff to secure the payment of such Claim, but excluding unsecured Claims previously paid in the Proceedings pursuant to agreements approved by the Bankruptcy Court.

1.8     *Assembly Avenue Property* – rental property located at 315 Assembly Avenue in Santa Cruz, California.

1.9     *Bangor Avenue Property* – rental property located at 5908 Bangor Avenue in Cleveland, Ohio.

1.10    *Bankruptcy Court* – the United States Bankruptcy Court for the Northern District of California, Santa Rosa Division, in which the Proceedings were filed.

1.11    *Bankruptcy Estate or Estate* –  the Chapter 11 bankruptcy estate of the Debtor comprised of all property of the Debtor, including but not limited to the property under Code §§541 and 1115 et. seq. and its continuance after Confirmation.

1.12    *Bankruptcy Rules*– the Federal Rules of Bankruptcy Procedure applicable to cases or proceedings pending before the Bankruptcy Court, now existing or as hereafter amended.

1.13    *Bar Date* – February 3, 2011, the date set by the Bankruptcy Court as the last day for filing Proofs of Claim against the Debtor, other than Administrative Claims, Contract Rejection Claims and Claims by Governmental Unit(s).

1.14    *Causes of Action* – shall be used in its broadest sense and shall include all causes of action of the Debtor and all causes of action which a Trustee would have if the Proceedings were converted to a Chapter 7 of the Code and a Trustee were appointed. Causes of action shall include all rights or causes of action, whether legal or equitable, whether they arise under the Code or under other federal or state laws or under judicial decisions, whether or not they are the subject of presently pending litigation and whether they arise before or after the Confirmation Date, as well as rights belonging to the Debtor pursuant to §§506, 510, 544, 545, 547, 548, 549, or 550 of the Bankruptcy Code.

Case: 10-13868   Doc# 108   Filed: 10/13/11   Entered: 10/13/11 15:55:57   Page 5 of 28

1.15 *Claim* – any right to payment against the Debtor or right to an equitable remedy against the Debtor for breach of performance if such breach gives rise to a right to payment, whether or not such right to payment or right to an equitable remedy is reduced to judgment, or whether liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, secured or unsecured, and all community claims.

1.16 *Claimant* – the holder of a Claim.

1.17 *Class* – any group of substantially similar Claims as classified in the Plan pursuant to §1123(a)(1) of the Bankruptcy Code.

1.18 *Clubhouse Drive Property* – rental property located at 534 Clubhouse Drive in Aptos, California.

1.19 *Code* – the United States Bankruptcy Code, 11 U.S.C. §101 et seq., and all amendments thereto.

1.20 *Confirmation* – the entry of an Order of the Bankruptcy Court confirming this Plan.

1.21 *Confirmation Date* – the date upon which the Confirmation Order is entered by the Bankruptcy Court after a hearing conducted pursuant to Code §1128, and such order becomes a Final Order in form and substance satisfactory to the Debtor.

1.22 *Confirmation Order* – the order of the Bankruptcy Court confirming the Plan.

1.23 *Contract Rejection Claim(s)* – Claim(s) arising from the rejection of executory contracts and leases.

1.24 *Contract Rejection Claims Bar Date* – ten days after the Confirmation Date.

1.25 *Creditor* – shall have the meaning set forth in §101(10) of the Code.

1.26 *Debtor* – JEFFREY KNAPP WINN the above-captioned Chapter 11 debtor.

1.27 *Debtor Rights* – all rights, claims and choses in action of every kind and nature held by the Debtor on the Confirmation Date, including but not limited to those with respect to preferences, fraudulent transfers and obligations, recovery of property and set-offs, avoidance and recovery of post bankruptcy transfers, consolidation claims, and objections to, and/or subordination of, Claims and Interests, whether or not the Debtor has commenced formal legal action ("Debtor Rights").

1.28 *Disclosure Statement* – the Disclosure Statement (October 13, 2011) filed by the Debtor, and any further amendments, modifications and/or supplements thereto, together with all exhibits, supplemental exhibits and Errata sheets appended or related thereto.

1.29 *Disputed Claim* – any Claim which is scheduled as disputed or as to which an objection has been filed but has not been resolved by Order of the Bankruptcy Court prior to the Effective Date.

1.30 *Edwards Avenue Property* – the residential duplex located at 102/104 Edwards Avenue in Sausalito, California, which is the Debtor's residence.

Case: 10-13868   Doc# 108   Filed: 10/13/11   Entered: 10/13/11 15:55:57   Page 6 of 28

1.31    *Effective Date* –  the first day occurring on or after the twenty – first (21st) day following the Confirmation Date, unless the Confirmation Order is stayed pending appeal, in which case the Effective Date shall be the first business day after the stay is vacated or as soon thereafter as is practicable.

1.32    *Final Order* –  an Order of judgment that has not been reversed, stayed, terminated, or amended and as to which (i) the time to appeal or seek review, reargument or rehearing has expired and no appeal or petition for certiorari review or rehearing is pending, or (ii) if appeal, review, reargument, rehearing or certiorari of the Order has been sought, the Order has been affirmed or the request for review, reargument, rehearing or certiorari has been denied and the time to seek a further appeal, review, reargument, rehearing or certiorari has expired, as a result of which such Order shall have become final and nonappealable in accordance with applicable law.

1.33    *Governmental Unit* - United States, a State and other entities set forth in Code §101(27).

1.34    *Headley Avenue Property* – rental property located at 11417 Headley Avenue in Cleveland, Ohio.

1.35    *Interest* – a property right of the Debtor.

1.36    *Impaired Class* – shall have the meaning set forth in Code §1124. A Class is impaired if the legal, equitable and contractual rights to which the Claim is entitled are altered by the Plan.

1.37    *Lien* –  any charge against or interest in property to secure payment of an Allowed Claim and includes, without limitation, any judicial lien, security interest, mortgage, deed of trust and statutory lien as defined in the Bankruptcy Code or in any applicable state or federal law.

1.38    *Margin Account* – the Debtor's brokerage account at E*Trade Securities, Account No. xxxx-42341.

1.39    *Order* – an Order or judgment of the Bankruptcy Court as entered on the docket.

1.40    *Person* – an individual, unincorporated association, partnership, corporation, trust, limited liability company, or other entity or association.

1.41    *Petition* – the Chapter 11 petition filed on the Petition Date.

1.42    *Petition Date* – October 6, 2010.

1.43    *Plan* – this Plan of reorganization (October 13, 2011) as it may be further amended, supplemented and/or terminated and all addenda, exhibits, schedules, errata sheets or other attachments.

1.44    *Plan Period* – the period of time required to make the disbursements contemplated in the Plan, which is five (5) years.

1.45    *Platt Street Property* – rental property located at 5 Platt Street in Sausalito, California.

Case: 10-13868   Doc# 108   Filed: 10/13/11   Entered: 10/13/11 15:55:57   Page 7 of 28

1.46    *Pro Rata* – the proportion of an Allowed Claim in a particular Class bears to the aggregate amount of all Allowed Claims in such Class except as otherwise specified herein.

1.47    *Proceeding or Proceedings* – this Chapter 11 bankruptcy case for reorganization of the Debtor pending in the Bankruptcy Court.

1.48    *Professionals* – entities retained or to be compensated pursuant to Code §§326, 327, 328, 330, 331, 503(b) and 1103.

1.49    *Reorganized Debtor* – the Debtor in his restructured and reorganized form as of and after the Effective Date.

1.50    *Scheduled* – set forth in the Schedules of Assets and Liabilities.

1.51    *Schedules Of Assets And Liabilities* – the Schedules of Assets and Liabilities filed by the Debtor with the Bankruptcy Court, as the same have been or may be amended from time to time prior to the Effective Date.

1.52    *Tucker Note* – Note from Tucker Capital with a balance due of approximately $1,030,000, carrying interest at twelve percent (12%) that is subordinated to claims of Tucker Capital's senior secured lenders.

1.53    *West 56th Street Property* – rental property located at 4058 W. 56th Street in Cleveland, Ohio.

1.54    *Willow Avenue Property* – rental property located at 351 Willow Avenue in Corte Madera, California.

## ARTICLE II.    UNCLASSIFIED CLAIMS

2.0     In accordance with Code §1123(a)(1), Domestic Support Obligations, Administrative Claims and Priority Tax Claims of the kinds specified in Code §§507(a)(2), 507(a)(3), 507(a)(8), respectively, have not been classified, and holders of such Claims are not entitled to vote. Such Unclassified Claims are treated in accordance with Code §1129(a)(9).

2.1     <u>Domestic Support Obligations</u>.    The Debtor does not have any Code §507(a)(1) domestic support obligations.

2.2     <u>Administrative Cost and Expense Claims</u>.    Each holder of an Allowed Administrative Claim for administrative costs and expenses of the kind specified in Code §507(a)(2) or §507(b) shall receive, on account of and in full satisfaction of such Allowed Administrative Claim, cash equal to the amount of such Allowed Administrative Claim. Without limiting the foregoing, all unpaid fees payable under 28 U.S.C. §1930 shall be paid on the Effective Date or as soon thereafter as is practicable.

Case: 10-13868   Doc# 108   Filed: 10/13/11   Entered: 10/13/11 15:55:57   Page 8 of 28

All Allowed Administrative Claims shall be paid on the Effective Date or as soon thereafter as is practicable, except where such Allowed Administrative Claim holder has consented to different treatment.

2.3     Payment on Allowed Administrative Claims incurred by the Debtor in the ordinary course of business affairs after the Petition Date, including taxes and ordinary business expenses, will not be made until such payment otherwise would have become due in the ordinary course of the Debtor's business or under the terms governing such Claim in the absence of these Proceedings.

2.4     Payment on Allowed Administrative Claims allowed by Order of the Bankruptcy Court for the service of Professionals employed by the Debtor for which the Debtor is responsible shall be made on the Effective Date or as soon thereafter as is practicable, except to the extent such Professional(s) have consented to different treatment.

2.5     All applications for final compensation of Professionals for services rendered and for reimbursement of expenses incurred on or before the Effective Date (including, without limitation, any compensation requested by any Professional or any other entity for making a substantial contribution in the Proceedings) and all other requests for payment of administrative costs and expenses incurred before the Effective Date under Code §507(a)(2) or 507(b) (except for Claims for trade debt incurred in the ordinary course of business and Claims under 28 U.S.C. §1930 for which no claim is required) must be filed on or before the Administrative Claims Bar Date.

2.6     Any such Administrative Claim that is not filed on or before the Administrative Claims Bar Date shall be forever barred and any holders of Administrative Claims who are required to file a request for payment of such Administrative Claims and who do not file such request by the applicable deadline shall be forever barred from asserting such Administrative Claims.

2.7     <u>Allowed Priority Tax Claims</u>.     Allowed Priority Tax Claims consist of the unsecured priority tax Claims of Governmental Units.   Allowed Priority Tax Claims will be paid over a five (5) year period commencing on the Petition Date with interest at the rate determined under applicable non-bankruptcy law as required by Code §511 and paid in full. Payments shall be made in quarterly installments in amounts calculated at the discretion of the Reorganized Debtor with interest at the statutory rate, or on such less favorable terms as may be agreed to by the Claimant. Allowed Priority Tax Claims may be fully prepaid without penalty.

2.8     <u>Elimination of Claims</u>.     To the extent there are no amounts owing on the Effective Date for any Priority Tax Claims and/or any Non-Tax Priority Claims, their treatment will be deemed automatically eliminated from the Plan.

Case: 10-13868   Doc# 108   Filed: 10/13/11   Entered: 10/13/11 15:55:57   Page 9 of 28

# ARTICLE III.        DESIGNATION OF CLASSES OF CLAIMS AND INTERESTS

3.0     A Claim or Interest is classified in a particular Class only to the extent that the Claim or Interest falls within the Class description. This Plan is intended to deal with all Claims and Interests against the Debtor or property of the Debtor or the Estate of whatever character, whether or not with recourse, whether or not contingent, disputed, or unliquidated, and whether or not previously allowed by the Bankruptcy Court pursuant to Code §502. Only those Claims allowed pursuant to Code §502 and Rules 3003(b) or (c) will receive any distribution under this Plan.

A Claim or Interest shall be deemed classified in a particular Class only to the extent that the Claim or Interest qualifies within the description of that class, and shall be deemed classified in a different Class to the extent that any remainder of the Claim or Interest qualifies within the description of such different Class. For purposes of voting and distribution, a Claim is in a particular Class only to the extent such Claim is an Allowed Claim in that class.

Claims against the Debtor (with the exception of Administrative Claims and Allowed Priority Tax Claims which are unclassified pursuant to Code §1123(a)(1)), shall be classified as follows:

**CLASS 1:**     Aurora Loan Services – Loan #2137

**CLASS 2:**     Aurora Loan Services – Loan #5595

**CLASS 3:**     Bank Of America – Loan #7599

**CLASS 4:**     Bank Of The West – Loan #4809

**CLASS 5:**     Bank Of The West – Loan #6457

**CLASS 6:**     Chase Bank, USA – Loan #6806

**CLASS 7:**     CitiMortgage, Inc. – Loan #2073

**CLASS 8:**     CitiMortgage, Inc. – Loan #8284

**CLASS 9:**     CitiMortgage, Inc. – Loan #7253

**CLASS 10:**    E*Trade Securities

**CLASS 11:**    Leo B. Cabatu, Jr.

**CLASS 12:**    One West Bank – Loan #1254

**CLASS 13:**    West America Bank – Loan #3417

**CLASS 14:**    Charter Oak Bank – Loan #75

**CLASS 15:**    General Unsecured Claims – Convenience Class

**CLASS 16:**    General Unsecured Claims

**CLASS 17:**     Debtor's Exempt And Remainder Property

Case: 10-13868   Doc# 108   Filed: 10/13/11   Entered: 10/13/11 15:55:57   Page 10 of 28

## ARTICLE IV.    TREATMENT OF CLASSIFIED CLAIMS AND INTERESTS

4.0    Classified Claims shall be treated as follows:

**A.    Secured Claims (Classes 1 – 14)**

**CLASS 1**    Allowed Secured $82,972 Claim of **Aurora Loan Services for Loan #2137** secured by a first mortgage on the Bangor Avenue Property which will be surrendered in full satisfaction of this secured Claim. The automatic stay of Code §362 will be terminated on the Effective Date as to Aurora Loan Services, which may thereafter pursue any and all rights and remedies against the Bangor Avenue Property. Any unsecured deficiency will be treated as a Class 16 Allowed Unsecured Claim. Class 1 is not impaired and deemed to have accepted the Plan under Code §1126(f).

**CLASS 2**    Allowed Secured $74,403 Claim of **Aurora Loan Services for Loan #5595** secured by a first mortgage on the Headley Avenue Property, which will be surrendered in full satisfaction of this secured Claim. The automatic stay of Code §362 will be terminated on the Effective Date as to Aurora Loan Services, which may thereafter pursue any and all rights and remedies against the Headley Avenue Property. Any unsecured deficiency will be treated as a Class 16 Allowed Unsecured Claim. Class 2 is not impaired and deemed to have accepted the Plan under Code §1126(f).

**CLASS 3**    Allowed Secured $354,196 Claim of **Bank of America for Loan #7599** secured by a second trust deed on the Willow Avenue Property.  The Willow Avenue Property is worth less than the total amount of the liens against it, and will either be transferred to a junior secured creditor through a deed in lieu of foreclosure or sold through a "short sale". Unless otherwise agreed between the Debtor and Bank of America, Bank of America will retain its lien on the Willow Avenue Property, and all contractual rights under its loan agreement. The automatic stay of Code §362 will be modified on the Effective Date as to Bank of America, which may thereafter pursue any and all rights and remedies against the Willow Avenue Property.  Any unsecured deficiency will be treated as a Class 16 Allowed Unsecured Claim. Class 3 is not impaired and deemed to have accepted the Plan under Code §1126(f).

**CLASS 4**    Allowed Secured $298,474 Claim of **Bank of the West for Loan # 4809** secured by a second trust deed on the Edwards Avenue Property. Bank of the West will retain its lien and the Debtor will continue to make all payments contractually required by the Loan Agreement. Class 4 is not impaired and deemed to have accepted the Plan under Code §1126(f).

**CLASS 5**    Allowed Secured $94,694 Claim of **Bank of the West for Loan #6457** secured by a first mortgage on the W. 56th Street Property, which will be surrendered in full satisfaction of this secured Claim. The automatic stay of Code §362 will be terminated on the Effective Date as to Bank of the West,

Case: 10-13868    Doc# 108    Filed: 10/13/11    Entered: 10/13/11 15:55:57    Page 11 of 28

which may thereafter pursue any and all rights and remedies against the W. 56th Street Property. Any unsecured deficiency will be treated as a Class 16 Allowed Unsecured Claim. Class 5 is not impaired and deemed to have accepted the Plan under Code §1126(f).

CLASS 6    Allowed Secured $94,694 Claim of **Chase Bank, USA for Loan #6806** secured by a first trust deed on the Assembly Avenue Property, which was foreclosed on by Bay Commercial Bank (the holder of the second trust deed) after the Petition Date. Chase Bank will therefore be treated as an unsecured creditor in Class 16 to the extent it holds an Allowed Claim. Class 6 is not impaired and deemed to have accepted the Plan under Code §1126(f).

CLASS 7    Allowed Secured $559,000 Claim of **Claim CitiMortgage, Inc. for Loan # 2073** secured by a first trust deed on the Edwards Avenue Property. CitiMortgage, Inc. will retain its lien and the Debtor will continue to make all payments contractually required by the Loan Agreement. Class 7 is not impaired and deemed to have accepted the Plan under Code §1126(f)..

CLASS 8    Allowed Secured $274,501 Claim of **CitiMortgage, Inc for Loan #8284** secured by a first trust deed on the Clubhouse Drive Property. This property will be sold and this Claim will be paid in full from the proceeds. Class 8 is not impaired and deemed to have accepted the Plan under Code §1126(f).

CLASS 9    Allowed Secured $550,981 Claim of **CitiMortgage, Inc. for Loan # 2073** secured by a first trust deed on the Platt Street Property. CitiMortgage, Inc. will retain its lien and the Debtor will continue to make all payments contractually required by the Loan Agreement. Class 9 is not impaired and deemed to have accepted the Plan under Code §1126(f).

CLASS 10    Allowed secured $242,658 Claim of **E*Trade Securities** secured by a consensual lien on **Margin Account # xxx-42341**. E*Trade will retain its lien as provided in the E*Trade Agreement and the Debtor will continue to make all margin interest payments contractually required by, and abide by the terms and conditions of, the E*Trade Agreement. Class 10 is not impaired and deemed to have accepted the Plan under Code §1126(f).

CLASS 11    Allowed Secured $79,913 Claim of **Leo B. Cabatu, Jr.** ("Cabatu") secured by a third trust deed on the Willow Avenue Property. The lien securing this Claim is subject to avoidance because the value of the Willow Avenue Property is less than the amount of the senior liens. Cabatu, at his option, may: (1) accept a deed in lieu of foreclosure in full satisfaction of his lien; or (2) agree to voluntarily release his lien to permit the Willow Avenue Property to be sold as a "short sale." In the alternative, the Debtor will avoid Cabatu's lien through an adversary proceeding, and the Willow Avenue Property will be sold. Unless otherwise agreed between the Debtor and Cabatu, the automatic stay of Code

Case: 10-13868   Doc# 108   Filed: 10/13/11   Entered: 10/13/11 15:55:57   Page 12 of 28

§362 will be modified on the Effective Date as to Cabatu, who may thereafter pursue any and all rights and remedies against the Willow Avenue Property. Any unsecured deficiency will be treated as a Class 16 Allowed Unsecured Claim. This Class is impaired and entitled to vote.

**CLASS 12** Allowed Secured $338,212 Claim of **One West Bank for Loan #1254** secured by a second trust deed on the Willow Avenue Property. The Willow Avenue Property will either be transferred to a junior secured creditor through a deed in lieu of foreclosure or sold as a "short sale". One West Bank will retain its lien on the Willow Avenue Property, and all contractual rights under its loan agreement. The automatic stay of Code §362 will be modified on the Effective Date as to One West Bank, which may thereafter pursue any and all rights and remedies against the Willow Avenue Property. Any unsecured deficiency will be treated as a Class 16 Allowed Unsecured Claim. Class 12 is not impaired and deemed to have accepted the Plan under Code §1126(f).

**CLASS 13** Allowed secured $300,000 claim of **WestAmerica Bank for Loan #3417** secured by a second trust deed on the Clubhouse Drive Property. This property will be sold and this Claim will be paid from the proceeds. $25,000 of the sales proceeds will be retained by the Debtor for the benefit of the Creditors and contributed to the Plan. This Class is impaired and entitled to vote.

**CLASS 14** Disputed Secured $664,924 Claim of **Charter Oak Bank on Loan # 0075** holding an Abstract of Judgment recorded on August 20, 2010 encompassing the Debtor's real properties in Marin County and Alameda County. The Abstract of Judgment will be avoided as a preference and/or an impairment of the Debtor's homestead exemption through an adversary proceeding and treated as a Class 16 Unsecured Claim. This Class is impaired but not receiving a distribution under the Plan, and therefore deemed to reject the Plan. Class 14 is non-voting.

**B. Unsecured Claims (Classes 15 - 16)**

**CLASS 15** **[Convenience Class]** Any Creditor holding an Allowed Claim in any amount up to $3,500 may vote to accept the Plan, elect to be treated as a Class 15 Creditor, and paid in full in cash on the Effective Date of the Plan, or as soon thereafter as is practicable. Any Creditor holding an Allowed Claim in any amount over $3,501 may also elect treatment as a Class 15 Creditor, in which case such Creditor will be paid $3,500 on the Effective Date, or as soon thereafter as is practicable, in full and final payment of such electing Creditor's Allowed Claim. By electing to be treated in Class 15, such Creditors will be deemed to have waived any Claim for any amount in excess of their Allowed Class 15 Claim, released any and all Liens, accepted payment in Class 15 as a full and complete satisfaction, settlement, compromise,

Case: 10-13868   Doc# 108   Filed: 10/13/11   Entered: 10/13/11 15:55:57   Page 13 of 28

release and discharge of any and all amounts in excess of their Allowed Class 15 Claim. Class 15 is impaired and entitled to vote.

**CLASS 16     [General Unsecured Claims]**

Allowed Class 16 General Unsecured Claims will be paid over five (5) years without interest. The initial distribution will be made as soon as practicable after the sale of the Platt Street Property, and is estimated to be slightly more than three (3) cents on the dollar ($0.0339). Thereafter, the Debtor will maintain the E*Trade stock portfolio and pursue collection of the Tucker Note, and make further distributions as funds become available. To the extent the value of the E*Trade stock portfolio increases, the Debtor will sell stock at such times and in such quantities as the Debtor determines necessary to maximize the return on investment, and distribute the proceeds as soon as practicable after the sale. The Debtor will continue this process during the five (5) year Plan Period until the E*Trade stock portfolio either yields a return of $400,000 [representing a dividend of slightly less than seven (7) cents on the dollar ($0.0681)] or has been completely liquidated. To the extent the Debtor recovers funds from the Tucker Note, the proceeds will be distributed as soon as practicable after the recovery. Class 16 is impaired and entitled to vote.

**C.     Interests (Class 17)**

**CLASS 17**     [Debtor's Interests]     The Debtor shall retain all property not expressly sold or surrendered in the Plan, including but not limited to exempt property. Class 17 is not impaired and deemed to have accepted the Plan under Code §1126(f).

## ARTICLE V.          IMPLEMENTATION OF THE PLAN

**5.0**     The Plan shall be implemented on the Effective Date. In addition to the provisions set forth elsewhere in the Plan regarding means of execution, the following shall constitute the principal means for implementation of the Plan.

**5.1     Sources of Funding, Reorganized Debtor and Claims Trust Account**

All Plan funding shall come from the Reorganized Debtor, who shall act as the disbursing agent and shall make all distributions under the Plan. The Reorganized Debtor will establish a separate, segregated interest bearing bank account before the Effective Date, which shall be the "Claims Trust Account." The Reorganized Debtor shall fund the Claims Trust Account with funds adequate to make all payments due on the Effective Date, and all future distribution under the Plan shall be made from the Claims Trust Account.

**5.2     Effective Date Payments.**     On the Effective Date, the Reorganized Debtor shall pay from the Claims Trust Account all Administrative Claims allowed by order of the Court, unless such holder of

Case: 10-13868    Doc# 108    Filed: 10/13/11    Entered: 10/13/11 15:55:57    Page 14 of 28

an Allowed Administrative Claim has agreed to less favorable treatment. The Reorganized Debtor shall also pay all other payments required to be paid on the Effective Date.

**5.3    Post Effective Date Payments**

Thereafter, the Debtor will maintain the Margin Account stock portfolio and pursue collection of the Tucker Note, and make further distributions as funds become available. To the extent the value of the Margin Account stock portfolio increases, the Debtor will sell stock at such times and in such quantities as the Debtor determines necessary to maximize the return on investment, and distribute the proceeds as soon as practicable after the sale. The Debtor will continue this process during the five (5) year Plan Period until the Margin Account stock portfolio either yields a return of $400,000 or has been completely liquidated. To the extent the Debtor recovers funds from the Tucker Note, the proceeds will be distributed as soon as practicable after the recovery.

**5.4    Distributions Addresses and Unclaimed Property.**    The Reorganized Debtor shall mail payments under the Plan to the last known address of the holder of an Allowed Claim. Such address shall be the address set forth in the Debtors Schedules' Of Assets and Liabilities unless updated by a proof of claim or other notice of change of address which has been both filed with the Bankruptcy Court and served on the Reorganized Debtor. If a payment is returned for lack of a proper address, then the Reorganized Debtor shall, after making reasonable efforts to locate a current address for the payee and send the payment, hold the returned payment for a period of ninety days. If the payee fails to claim the payment within that 90-day period, then the Reorganized Debtor shall be entitled to return the payment and distribute it to the other Creditors to pay their Allowed Claims in accordance with the Plan. "Reasonable efforts" are limited to checking the Internet for a more current address.

**5.5    Withholding Taxes.**    The Reorganized Debtor shall not be required to deduct any federal, state or local withholding taxes from any payments to Allowed Claims unless otherwise required by law. The Reorganized Debtor shall comply with all reporting obligations imposed on it by any governmental unit with respect to withholding and related taxes.

**5.6    Distributions Less Than $100.**    Notwithstanding any other provision of the Plan, distributions of less than $100 need not be made on account of any Allowed Claim provided, however, distributions that would otherwise be made but for this provision shall carry over until the cumulative amount to which any holder of an Allowed Claim is entitled to is at least $100, at which time the cumulative amount of such distributions shall be paid to such holder.

Case: 10-13868    Doc# 108    Filed: 10/13/11    Entered: 10/13/11 15:55:57    Page 15 of 28

**5.7** **Revesting of Property of the Bankruptcy Estate.** On the Effective Date, all property of the Debtor and the Bankruptcy Estate shall vest in the Reorganized Debtor, free and clear of any and all Liens, encumbrances, and Claims of Creditors, except as otherwise provided elsewhere in the Plan. Such property includes, but is not limited to, all rights and Causes of Action of any kind or nature, including but not limited to Causes of Action pursuant to (i) Code §§ 502, 542, 544, 545, 546, 550 and 553; (ii) preference claims pursuant to Code §547; (iii) fraudulent transfer claims pursuant to Code §548; (iv) claims relating to post-petition transactions pursuant to Code §549; and (v) all claims and Causes of Action held against third parties as of the Confirmation Date.

Following the Effective Date, the Reorganized Debtor may transfer, dispose and/or sell any such property free of any restrictions imposed by the Code or Bankruptcy Rules and without further notice to Creditors or approval from the Court, except as may be expressly required by the Plan. Resolution of Causes of Action shall be subject to Court approval under Bankruptcy Rule 9019.

**5.8** **Tax Returns and Payments.** The Reorganized Debtor shall file or cause to be filed any and all delinquent and final tax returns and pay any and all taxes owed by the Debtor and the Reorganized Debtors on a timely basis (other than Allowed Unclassified Priority Tax Claims provided for under the Plan).

**5.9** **Post-Confirmation Compensation and Reimbursement of Professionals.** All Professionals employed by the Reorganized Debtor after the Confirmation Date (including such Professional that are presently employed) shall be entitled to payment of their reasonable post-Confirmation Date fees and reimbursement of expenses on a monthly basis, as part of the Reorganized Debtor's regular and ordinary business operations. Following the Effective Date, the Reorganized Debtor may employ and/or compensate such Professionals free of any restrictions imposed by the Code or Bankruptcy Rules and without further notice to Creditors or approval from the Court. Professionals shall not be required to file applications for Bankruptcy Court approval of post-Confirmation fees and expenses.

**5.10** **Post-Confirmation Notice Procedure.** Whenever the Reorganized Debtor is required to provide notice and/or obtain Court approval, including but not limited to Bankruptcy Rule 9019 motions to approve compromises, the Reorganized Debtor shall be required to serve such written notice on the parties affected by the proposed action, the U.S Trustee, and all persons that requested special notice (the "Noticed Parties"). The Reorganized Debtor shall be authorized to take any proposed action fourteen (14) days after service of such notice unless, before the expiration of such fourteen (14) day period, a recipient of such notice has filed an objection to such proposed action with the Bankruptcy Court.

Case: 10-13868   Doc# 108   Filed: 10/13/11   Entered: 10/13/11 15:55:57   Page 16 of 28

In the event of an objection, the Reorganized Debtor shall schedule a hearing on such objection within thirty (30) days after the filing of such objection and upon not less than twenty-one (21) days notice to the Noticed Parties. If any such objection is filed, the person seeking the particular relief shall not take the proposed action unless the Court approves such action or the objecting party withdraws the objection.

**5.11    Code § 1146(a) Exemption from Certain Transfer Taxes**

Following Confirmation, any sales or transfers shall be, to the fullest extent permitted by law, entitled to the exemptions provided for under and to the fullest extent permitted by Code §1146(a). Pursuant to Code §1146(c), no stamp, real estate transfer, mortgage recording or other similar tax may be imposed upon the issuance, transfer or exchange of notes or equity securities under the Plan, including, without limitation, the transfer of any of Debtor's assets or liabilities, the creation of any Lien, the making, assignment or surrender of any lease or sublease, the creation of any mortgage, deed of trust or other security interest, the making or delivery of any deed, bill of sale or other instrument of transfer under, in furtherance of, or in connection with the Plan, whether involving real or personal property, including any merger agreements or agreements of amalgamation or consolidation, deeds, bills of sale or assignments executed in connection with any of the transactions contemplated under the Plan. The Debtor and the Reorganized Debtor reserve all rights to request a determination of legal questions related to the tax aspects of the Plan as appropriate under Code §1146(b).

Any sale by the Debtor of owned property pursuant to Code §363(b) or otherwise and any assumption, assignment and sale by the Debtor of unexpired leases of non-residential real property or executory contracts pursuant to Code §365(a) if approved in the ordinary course of the Debtor's business by separate order of the Bankruptcy Court on or after the Petition Date through and including the Effective Date, shall be deemed to have been made under, in furtherance of and in connection with the Plan and, thus, shall not be subject to any stamp tax, real estate transfer, mortgage recording or other similar tax. If the Debtor pays or has paid any such tax, it shall be entitled to a refund thereof upon or after the Effective Date.

**ARTICLE VI.        PROCEDURES FOR RESOLVING CONTESTED CLAIMS**

**6.1    Recognition of Claims**

The Reorganized Debtor shall be entitled to recognize and deal for all purposes with only those Creditors of record with the Bankruptcy Court as of the Effective Date. For purposes of any distribution under the Plan, the Reorganized Debtor shall have no obligation to recognize any transfer of Claims after the Effective Date.

Case: 10-13868    Doc# 108    Filed: 10/13/11    Entered: 10/13/11 15:55:57    Page 17 of
28

### 6.2 Contesting Claims

The Reorganized Debtor may object to, seek subordination of, and/or dispute the allowance, amount, validity, classification, or priority of any Claim at any time up to and including the Effective Date. The Bankruptcy Court, without notice, may extend the time for filing objections on a motion filed prior to the expiration of the Effective Date. Notwithstanding the foregoing, objections under Code §§502(d), (e), (g), (h), (i), and (j) may be filed by the Reorganized Debtor any time prior to a final distribution by the Reorganized Debtor. The Reorganized Debtor and the holder of a Claim may also extend by written agreement the deadline for serving an objection to such Claim without further order of the Bankruptcy Court. No payments or distributions shall be made with respect to any portion of a Claim unless and until all objections to such Claim have been resolved and the Claim allowed by a Final Order or the dispute is settled and such settlement becomes final pursuant to the Plan.

### 6.3 Amendments to Claims

Except as otherwise permitted by the Bankruptcy Court, the Bankruptcy Rules or applicable law, upon expiration of the applicable Bar Date, Proofs of Claim: (a) may not be filed; and (b) may not be amended later than the Confirmation Date, except for amendments to Proofs of Claim to decrease the amount or priority thereof; provided that the foregoing deadline shall not accord a Claim holder a right to amend a Claim that, pursuant to applicable law, is not subject to amendment.

### 6.4 Disputed Claims Reserve Account

The Reorganized Debtor shall set up a segregated interest bearing account on or before the Effective Date known as the Disputed Claims Reserve Account. Any cash that would be distributed to the holder of a Disputed Claim if it were an Allowed Claim shall be set aside into the Disputed Claims Reserve Account. Not later than thirty (30) days after the Reorganized Debtor has notice that a Disputed Claim has been Allowed in whole or in part, the Reorganized Debtor shall distribute the cash deposited into the Disputed Claims Reserve Account to the holder of such Disputed Claim. To the extent that cash payments made into the Disputed Claims Reserve Account on account of a Disputed Claim exceed the cash distributable with respect to the Allowed Claim, such excess cash shall be available to the Reorganized Debtor.

### 6.5 Distributions to Disputed/Contingent/Unliquidated Claims

Notwithstanding any provision of the Plan specifying a date or time for payments or other performance hereunder, payments to any Claim or Interest that at such date or time is disputed, unliquidated or contingent, shall not be made until a Final Order with respect to an objection, estimation or

Case: 10-13868   Doc# 108   Filed: 10/13/11   Entered: 10/13/11 15:55:57   Page 18 of 28

valuation of such Claim or Interest is entered by the Bankruptcy Court, whereupon appropriate payment or other performance shall be made promptly under the Plan.

## ARTICLE VII.     EXECUTORY CONTRACTS AND UNEXPIRED LEASES

### 7.1     Treatment of Executory Contracts and Unexpired Leases

The Reorganized Debtor reserves the right to move the Bankruptcy Court prior to the Effective Date for authority to assume, assume and assign, or reject, pursuant to Code §365, any and all contracts that are executory and leases that are unexpired, and/or to enter into any new contracts or leases it may require to operate its business.

### 7.2     Effect of Assumption of Executory Contracts and Unexpired Leases

All executory contracts and unexpired leases assumed prior to Confirmation or pursuant to the Plan and not otherwise rejected pursuant to the Plan shall remain in full force and effect, be unimpaired by the Plan except as specifically terminated by the Plan and the Order of Confirmation, and be binding on the parties thereto. Nothing herein shall preclude the Debtor  and/or the Reorganized Debtor from moving to reject a previously assumed executory contract and/or unexpired lease.

### 7.3     Assumption of Executory Contracts and Unexpired Leases

None.

### 7.4     Rejection of Executory Contracts and Leases

1.     The Reorganized Debtor REJECTS the following executory contracts and leases:

| | |
|---|---|
| Don Costa – Residential Lease on 315 Assembly Property | Rejected (and disputed) |
| Santa Cruz Property Management Co. – Property management agreement on Clubhouse Drive Property. | Rejected |

2.     All executory contracts and unexpired leases the subject of any previous Bankruptcy Court Order authorizing rejection, as of the date of entry of such Order.

3.     Without admitting the validity of any other executory contracts and unexpired leases, all executory contracts and unexpired leases of the Debtor that are not: (a) assumed or rejected prior to Confirmation; (b) the subject of a pending motion to assume filed prior to Confirmation; or (c) assumed pursuant to the Plan, shall be REJECTED as of the Effective Date. Confirmation of the Plan shall be deemed to constitute Bankruptcy Court approval of such rejection.

### 7.5     Defaults

Unless other treatment is agreed to between the parties to each assumed contract or lease, if there has been a default in an assumed executory contract or unexpired lease other than the kind specified in

Case: 10-13868     Doc# 108     Filed: 10/13/11     Entered: 10/13/11 15:55:57     Page 19 of 28

Code §365(b)(2), the Reorganized Debtor shall, (a) cure, or provide adequate assurance that it will promptly cure, any such default; (b) compensate, or provide adequate assurance that it will promptly compensate, the other party to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and (c) provide adequate assurance of future performance under such contract or lease, as set forth herein.

### 7.6    Contract Rejection Claims and Bar Date

Contract Rejection Claims shall be classified as Class 16 Claims. The holder of a Contract Rejection Claim shall file with the Bankruptcy Court, and serve on counsel for the Reorganized Debtor, a proof of claim relative to such Contract Rejection Claim on or before the Contract Claims Rejection Bar Date. Any claim based on the rejection of an executory contract or unexpired lease will be barred if the proof of claim is not timely filed, unless the Bankruptcy Court orders otherwise.

### ARTICLE VIII.    TRANSFER AND PRESERVATION OF DEBTOR RIGHTS

**8.1**    All rights, claims and choses in action of every kind and nature held by the Debtor on the Confirmation Date shall be transferred to the Reorganized Debtor on the Effective Date without limitation, including but not limited to those with respect to preferences, fraudulent transfers and obligations, recovery of property and set-offs, avoidance and recovery of post bankruptcy transfers, consolidation claims, and objections to, and/or subordination of, Claims and Interests, whether or not the Debtor has commenced formal legal action ("Debtor Rights").

**8.2**    Debtor Rights shall include, without limitation (a) all claims against creditors of the Debtor, including objections to claims or actions to subordinate claims; (b) claims, offsets or defenses against any Governmental Unit or any other person; and (c) all avoidance, recovery, or other cause of action held by the Debtor under Chapter 5 of the Code or otherwise and arising from or related to the Proceedings, including but not limited to actions to recover preferential transfers and fraudulent conveyances under the avoiding powers under the Code, and/or such other actions as it deems appropriate such as valuation actions under Code §506. Debtor Rights also include the right to litigate and/or settle any outstanding action that is brought prior to Effective Date.

**8.3**    The Reorganized Debtor reserves all rights to commence and pursue any and all Debtor Rights it may acquire, whether arising prior to or after the Petition Date, in any court or other tribunal, including without limitation, in an adversary proceeding filed in the Bankruptcy Court. The failure to list any potential or existing Debtor Rights or other litigation claims, generally or specifically, is not intended

Case: 10-13868    Doc# 108    Filed: 10/13/11    Entered: 10/13/11 15:55:57    Page 20 of 28

as a waiver or limitation of the rights of the Reorganized Debtor to pursue any such Debtor Rights or other potential or existing litigation claim.

**8.4** Confirmation of the Plan effects no settlement, compromise, waiver or release of any Debtor Rights unless the Plan or Order of Confirmation specifically and unambiguously so provides. The failure of the Plan to refer to any particular Debtor Right is not and shall not be construed as a settlement, compromise, waiver, or release of any such Debtor Rights, all of which are hereby preserved and shall continue to remain valid after the Effective Date.

**ARTICLE IX. RETENTION OF JURISDICTION**

**9.0** The Bankruptcy Court shall retain exclusive jurisdiction of the Proceedings pursuant to the provisions of the Code until the Proceedings are closed and further with respect to the following matters:

**9.1** To classify, allow or disallow Claims, direct distributions under the Plan and adjudicate all controversies concerning classification or allowance of any Claim.

**9.2** To enforce performance of the Plan against the Debtor, Claimants, or any other entity, and to interpret the provisions of the Plan, the Confirmation Order, or any other order entered by the Bankruptcy Court in the Proceedings.

**9.3** To hear and determine all Claims arising from the rejection of executory contracts and unexpired leases and to consummate the rejection and termination thereof. To hear and determine all matters relating to the assumption of executory contracts and unexpired leases and the assumption and assignment of executory contracts and unexpired leases.

**9.4**. To liquidate damages or estimate Claims in connection with any disputed, contingent or unliquidated Claim.

**9.5** To adjudicate all Claims to an ownership interest in any property of the Debtor and/or Reorganized Debtor, the Estate or any proceeds thereof.

**9.6** To adjudicate all Claims or controversies arising out of any purchase, sale or contract made or undertaken by the Debtor during the pendency of the Proceedings.

**9.7** To recover all assets and property of the Debtor and/or Reorganized Debtor wherever located.

**9.8** To hear and determine matters concerning state, local and federal taxes pursuant to Code §§346, 505, 525 and 1146.

**9.9**. To hear and determine any action or proceeding brought by the Debtor, Reorganized Debtor or other party-in-interest under Code §§ 510, 542, 543, 544, 545, 547, 548, 549, 550, 551, 553 and 363(h).

**9.10** To hear and determine all actions and proceedings brought by the Debtor, Reorganized Debtor or other party-in-interest arising in or related to the Proceedings or arising under the Code, including to determine an award of damages to the Debtor and/or Reorganized Debtor for any violation of the injunction provided for in the Plan or the Confirmation Order, including but not limited to, compensatory damages, professional fees and expenses and costs, and exemplary damages for any willful violation of said injunction.

**9.11** To determine the validity, extent and priority of all liens against property of the Debtor, Reorganized Debtor and/or the Bankruptcy Estate.

**9.12** To consider any modification of the Plan under Code §1127 or under Bankruptcy Rule 3019(f) and 3020 and/or modification of the Plan after substantial consummation as defined in Code §1101(2).

**9.13** To hear and determine all controversies, suits and disputes that may arise in connection with the interpretation or enforcement of the Plan.

**9.14** To hear and determine all requests for compensation and/or reimbursement of expenses of Professionals that may be made after the Confirmation Date.

**9.15** To hear and determine such matters and make such orders as are consistent with the Plan and as may be necessary or desirable to carry out the provisions thereof.

**9.16** To hear and determine proceedings initiated before or after the Confirmation Date and the Effective Date regarding the prosecution of any rights, Claims, causes of action or claims for relief held by the Debtors and/or Reorganized Debtor against any party, including the recovery of property and subordination of Claims and Interests

**9.17** To determine an award of damages for any violation of the injunction provided for in the Plan or the confirmation Order, including but not limited to, compensatory damages, professional fees and expenses and costs, and exemplary damages for any willful violation of said injunction.

**9.18** To enter an order closing the Bankruptcy Case and Final Decree.

### ARTICLE X. EFFECT OF ORDER OF CONFIRMATION

**10.0** As of the Confirmation Date, the effect of the Order of Confirmation shall be as follows:

**10.1 Binding Effect of Plan**

All of the provisions of the Plan and amendments, if any, shall be binding on the Debtor, the Reorganized debtor, the Estate, all Creditors, and all parties in interest and all other Persons who are affected (or whose interests are affected) in any manner by the Plan. The Plan shall bind any Person

Case: 10-13868   Doc# 108   Filed: 10/13/11   Entered: 10/13/11 15:55:57   Page 22 of 28

acquiring property under or otherwise accepting the benefits of the Plan, and every Creditor, whether or not such Creditor filed a Proof of Claim or Interest in the Bankruptcy Case, whether or not the Claim or Interest of such Creditor is impaired under the Plan, and whether or not such Creditor has accepted or rejected the Plan.

### 10.2  Revesting of Property of the Estate

As of the Confirmation Date, all property of the Debtor and the Bankruptcy Estate shall revest in the Reorganized Debtor, free and clear of any and all Liens, encumbrances, and Claims of Creditors, except as otherwise provided in the Plan.

Such property includes, but is not limited to all Debtor Rights, including but not limited to Causes of Action pursuant to (i) Code §§502, 542, 544, 545, 546, 550 and 553; (ii) preference claims pursuant to Code §547; (iii) fraudulent transfer claims pursuant to Code §548; (iv) claims relating to post-petition transactions pursuant to Code §549; and (v) all claims and causes of action held by the Debtor against third parties as of the Confirmation Date.

## ARTICLE XI.  DISCHARGE AND INJUNCTION

11.1  The Confirmation Order shall be a judicial determination of the allowance of a discharge of all Claims or Interests (except such Interests as are acquired in the Reorganized Debtor in connection with the Plan) against the Debtor and/or Reorganized Debtor, their successors or assignees, or any of their assets or properties, subject only to the occurrence of the Effective Date and completion of payments under the Plan as provided in Code §1141(d)(5).

11.2  The rights afforded herein, and the treatment of all Claims and Interests set forth herein, will be in full exchange for, and in complete satisfaction, discharge, and release of, all Claims and Interests of any kind or nature whatsoever, whether known or unknown, matured or contingent, liquidated or unliquidated, existing, arising, or accruing, whether or not yet due and whether or not a Proof Of Claim was filed, prior to the Effective Date, including any Claims, or interest on Claims, accruing on or after the Petition Date, against the Debtor and/or Reorganized Debtor, their successors or assignees, or any of their assets or properties.

11.3  Except as, and to the extent, expressly provided in this Plan or the Confirmation Order, at all times on and after the Effective Date, all persons will be fully barred, enjoined, and precluded from asserting against the Debtor and/or Reorganized Debtor, their successors or assignees, or any of their assets or properties, any Claims or Interests (except such Interests as are acquired in the Reorganized Debtor in connection with the Plan), including but not limited to Claims based on any act or omission, transaction,

Case: 10-13868    Doc# 108    Filed: 10/13/11    Entered: 10/13/11 15:55:57    Page 23 of 28

agreement, right, privilege, duty, entitlement, obligation, or other event or activity of any kind or nature whatsoever that occurred prior to the Effective Date.

11.4    Notwithstanding the foregoing, any holder of a Claim or an Interest, or any other party in interest, may pursue their contractual rights and remedies under the Plan, including but not limited to all contractual rights and remedies in the event of a default under the Plan.

11.5    The Reorganized Debtor may, pursuant to Code §1141(d)(5)(B), seek entry of a discharge prior to completion of payments under the Plan, provided the conditions in Code §1141(d)(5)(B) have been met. In that event, the Reorganized Debtor shall bring a noticed motion under the provisions of Section 5.9 of the Plan.

## ARTICLE XII.    DEFAULT

12.0    If the Reorganized Debtor fails to make any payments when due under the Plan after the Effective Date, then the Reorganized Debtor shall be deemed to be in default under the Plan. Any holder of an Allowed Claim entitled to a payment that is not made may serve the Reorganized Debtor and the undersigned counsel with a notice of alleged default. Said notice must state with specificity the date of the alleged default, the amount which the noticing party claims was not paid, and any other relevant facts pertaining to the asserted default. If the Reorganized Debtor fails to cure the alleged default within thirty (30) days from the date of service of notice of default, then, on or after the 31st day after service of the notice, the noticing party may set a motion to convert the Bankruptcy Case to Chapter 7 for hearing before the Bankruptcy Court. The motion to convert shall be heard on not less than fourteen (14) days' notice. The Reorganized Debtor may cure the default without prejudice to the continued effectiveness of the Plan at any time until the issuance of an order converting the Bankruptcy Case to Chapter 7.

## ARTICLE XIII.    MISCELLANEOUS

### 13.1    No Waiver

After the Confirmation Date, except as otherwise specifically set forth in the Plan, any term of the Plan may be waived only by the party or parties entitled to the benefit of the term to be waived. Nothing in the Plan shall be deemed to have constituted a waiver of any powers held by the Debtor and/or Reorganized Debtor under the Bankruptcy Code, the Bankruptcy Rules or the Local Rules. The Debtor and/or Reorganized Debtor shall retain all powers granted by the Bankruptcy Code, the Bankruptcy Rules and the Local Rules to a trustee or a debtor in possession, including those with respect to recovery of property and objections to, and/or subordination of, Claims and Interests.

### 13.2 Plan Interpretation

The headings contained in the Plan are for convenience of reference only and shall not limit or otherwise affect in any way the meaning or interpretation of the Plan. All references in the Plan to the singular shall be construed to include references to the plural and vice versa. All references in the Plan to any one of the masculine, feminine or neuter genders shall be deemed to include references to both other such genders. Whenever the Plan uses the term "including," such reference shall be deemed to mean "including, but not limited to."

### 13.3 Modification

The Debtor and/or Reorganized Debtor may propose amendments to or modifications of the Plan under Code §1127(a) and Bankruptcy Rules Rule 3019 at any time prior to the conclusion of the hearing on Confirmation of the Plan. After the Confirmation Date, the Reorganized Debtor and/or the Reorganized Debtor may modify the Plan in accordance with Code §1127(a) and Bankruptcy Rule 3019.

### 13.4 Setoff Rights Preserved

The Debtor and/or Reorganized Debtor may, but is not required to, setoff or recoup against any Claim or Interest and the payments or other distributions to be made under the Plan in respect of such Claim or Interest, claims of any nature whatsoever that arose before the Petition Date that the Debtor may have against the holder of such Claim or Interest to the extent such claims may be setoff or recouped under applicable law, but neither the failure to do so nor the Allowance of any Claim or Interest under the Plan shall constitute a waiver or release of any such claim that they may have.

### 13.5 Notices

All notices required or permitted to be made in accordance with the Plan shall be in writing and shall be delivered personally or by first class mail, as follows:

**If to the Debtor and/or Reorganized Debtor**:

JEFFRY KNAPP WINN
102 Edwards Avenue
Sausalito, CA 94965

**With a copy to**:

WAYNE A. SILVER, Esq.
333 West El Camino Real, Suite 310
Sunnyvale, California 94087

Case: 10-13868    Doc# 108    Filed: 10/13/11    Entered: 10/13/11 15:55:57    Page 25 of 28

Notices shall be deemed given when delivered or deposited in the United States mail. Any entity may change the address at which such entity is to receive notices under the Plan by sending written notice to the then current list of Notice Parties.

### 13.6    Withdrawal/Amendment of Plan

The Debtor and/or Reorganized Debtor reserves the right to withdraw and/or amend the Plan before the Confirmation Date.

### 13.7    Successors and Assigns

The rights, benefits, and obligations of any entity referred to in the Plan shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor, or assign of the Debtor and/or Reorganized Debtor

### 13.8    Saturday, Sunday and Legal Holiday

If any payment or act under the Plan should be made or performed on a day that is not a business day, then the payment or act may be completed the next succeeding day that is a business day, in which event the payment or act shall be deemed to have been completed on the required day.

### 13.9    Reservation of Rights

Neither the filing of the Plan nor any statement or provision contained in the Plan or in the Disclosure Statement, nor the taking by any party in interest of any action with respect to the Plan, shall: (a) be or be deemed to be an admission against interest; and (b) until the Effective Date, be or be deemed to be a waiver of any rights any party in interest may have (i) against any other party in interest, or (ii) in any of the assets of any other party in interest, and, until the Effective Date, all such rights are specifically reserved. In the event that the Plan is not confirmed or fails to become effective, neither the Plan nor the Disclosure Statement nor any statement contained in the Plan or in the Disclosure Statement may be used or relied upon in any manner in any suit, action, proceeding or controversy within or without these Bankruptcy Cases involving the Debtor, except with respect to Confirmation of the Plan.

### 13.10    Governing Law

Except to the extent that the Bankruptcy Code is applicable, the rights and obligations arising under this Plan and any documents, agreements and instruments executed in connection with this Plan (except to the extent such documents, agreements and instruments designate otherwise) shall be governed by, and construed and enforced in accordance with, the Laws of the State of California.

Case: 10-13868    Doc# 108    Filed: 10/13/11    Entered: 10/13/11 15:55:57    Page 26 of 28

### 13.11 Headings

The Article and Section headings used in this Plan are inserted for convenience and reference only and neither constitute a part of this Plan nor in any manner affect the terms, provisions or interpretations of this Plan.

### 13.12 Severability

Should any term or provision in this Plan be determined to be unenforceable, the Reorganized Debtor may, but is not obligated to, seek a ruling from the Bankruptcy Court that such determination shall in no way limit or affect the enforceability and operative effect of any other term or provision of this Plan.

### 13.13 Post-Confirmation Status Report

Within 120 days of the Confirmation Date, the Reorganized Debtor shall file a status report with the Bankruptcy Court in the form approved by the U.S. Trustee explaining what progress has been made toward consummation of the confirmed Plan. The status report shall be served on the United States Trustee, the twenty largest unsecured creditors, and those parties who have requested special notice. Further status reports shall be filed every 120 days and served on the same entities unless and until the Bankruptcy Court orders otherwise.

### 13.14 Quarterly United States Trustee Fees

Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) to the Confirmation date shall be paid to the United States Trustee on or before the Effective Date of the plan. Quarterly fees accruing under 28 U.S.C. §1930(a)(6) after confirmation shall be paid to the United States Trustee in accordance with 28 U.S.C. §1930(a)(6) until entry of a final decree, or entry of an order of dismissal or conversion to chapter 7.

### 13.15 Final Decree

The Reorganized Debtor shall file, and serve on the Noticed Parties, an application for entry of the Final Decree.

### 13.16 Plan Conclusion

The Plan will conclude five (5) years from the Effective Date, provided all objections to claim have been determined by Final Order, all adversary proceeding have been resolved with a final judgment or order of dismissal, applications for all Professional fees have been heard and all amounts allowed paid, and any final reserves and monies owing have been collected and distributed to Creditors holding Allowed Claims.

### 13.17 Further Orders.

Upon motion by the Reorganized Debtor on not less than fourteen (14) days notice to such parties entitled to notice as provided in Section 5.9 of the Plan, or such shorter

Case: 10-13868   Doc# 108   Filed: 10/13/11   Entered: 10/13/11 15:55:57   Page 27 of 28

notice as the Court may order for cause, the Court may enter such other and further orders as may be necessary or appropriate to facilitate consummation and/or performance of the Plan.

**13.18    Reservation of Rights Under Section 1129(b)**

The Debtor and/or Reorganized Debtor expressly reserves all rights pursuant to Code §1129(b), to request the Bankruptcy Court to confirm this Plan if all of the applicable requirements of Code §1129(a) have been met, other than those in Code §1129(a)(8). In connection with such a request The Debtor and/or Reorganized Debtor may seek permission to amend and/or modify the Plan.

This Plan of Reorganization is dated the 13th day of October, 2011 and is hereby approved by the Plan Proponent.

/s/ Jeffrey Knapp Winn
Jeffrey Knapp Winn

Submitted by:

/s/ Wayne A. Silver
Wayne A. Silver, Attorney for Proponent,
JEFFREY KNAPP WINN

Case: 10-13868    Doc# 108    Filed: 10/13/11    Entered: 10/13/11 15:55:57    Page 28 of 28